UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ALBERTO ACOSTA-OCHOA,<br><br>Defendant. | Case No.: 20cr1343 - WQH<br><br>**ORDER** |
|---|---|

HAYES, Judge:

This matter before the Court is the motion for hardship credit for hard time served filed by Defendant. (ECF No. 37).

On October 29, 2020, this Court sentenced Defendant to the custody of the Bureau of Prisons for 32 months pursuant to his plea of guilty to importation of methamphetamine in violation of 21 U.S.C. §§ 952 and 960.

On August 17, 2021, Defendant moved the Court to grant him two days of credit for one day served on the grounds that his incarceration at the Dalby facility in Post, Texas is a hard time facility in violation of his rights under the fifth, eighth, and fourteenth amendment to the United States Constitution.

On August 26, 2021, Plaintiff United States filed a response opposing the motion on the grounds that the Court lacks jurisdiction to order the Bureau of Prisons to recalculate time served credits in this case. Plaintiff United States asserts that Defendant must exhaust his administrative remedies in order to seeks judicial review of his time served credits.

The Bureau of Prisons is responsible to compute a prisoner's sentence, including any credits. *See United States v. Peters*, 470 F.3d 907, 908-09 (9th Cir. 2006) (per curiam) (holding district courts lack authority to give credit for time served, while noting that district courts do have authority to sentence a defendant to time served); *see also Dillon v. United State*s, 560 U.S. 817, 824 (2010) ("A judgment of conviction that includes a sentence of imprisonment constitutes a final judgment and may not be modified by a district court except in limited circumstances."). This Court has no authority to order that Defendant receive two days of time served credit for one day of custody. To the extent that Defendant challenges his conditions of confinement, he is required to file a motion pursuant to 28 U.S.C. § 2241 in the district in which he is confined.

IT IS HEREBY ORDERED that motion for hardship credit for hard time served (ECF No. 37) is denied.

Dated: September 30, 2021

Hon. William Q. Hayes
United States District Court